UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARQUES J. HARRIS,

    Petitioner,

        v.                       CAUSE NO. 3:25-CV-265-JD-APR

WARDEN,

    Respondent.

## OPINION AND ORDER

Marques J. Harris, a prisoner without a lawyer, filed a habeas corpus petition to challenge his conviction for child molestation under Case No. 49G06-1609-F1-036419. Following a guilty plea, on June 20, 2017, the Marion Superior Court sentenced him to forty years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the petition, Harris asserts that he is entitled to habeas relief because his guilty plea was not knowing, voluntary, or intelligent, and because he received ineffective assistance of counsel when trial counsel failed to investigate his mental health history and his competency to enter a guilty plea. The statute of limitations for habeas petitions states as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Based on review of the petition, the date on which the judgment became final is the applicable starting point for calculating timeliness. Harris was sentenced on June 20, 2017, and he did not pursue a direct appeal. Therefore, his conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for initiating a direct appeal expired on July 20, 2017. *See* Ind. R. App. 9(A)(1) (notice of appeal must be filed within thirty days). The federal limitations period expired one year later on July 20, 2018. Though Harris initiated post-conviction proceeding in State court in June 2019, these efforts did not restart the federal limitations period, nor did they "open a new window for federal collateral review." *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009).

Harris did not file the petition in this habeas case until March 26, 2025. Because Harris filed the initial petition more than six years too late, the court finds that the claims are untimely. Consequently, the court will dismiss the habeas petition as untimely.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that reasonable jurists would debate the correctness of this procedural ruling or for encouraging Harris to proceed further, and a certificate of appealability is denied.

For these reasons, the court:

(1) DISMISSES the habeas petition (ECF 2) pursuant to Section 2254 Habeas Corpus Rule 4 because the claims are untimely;

(2) DENIES Marques J. Harris a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on March 31, 2025

/s/JON E. DEGUILIO  
JUDGE  
UNITED STATES DISTRICT COURT