UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MARQUES J. HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 3:25-cv-265 |
| v. | ) | |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

This matter is before the court on the Motion to Appoint Counsel [DE 21] filed by the petitioner, Marques J. Harris, on September 17, 2025.  For the following reasons, the motion is **DENIED**.

### *Background*

On March 26, 2025, the plaintiff filed a Petition for Writ of Habeas Corpus [DE 2]. Petitioner first moved this court to appoint counsel in April 2025. The court denied Petitioner's motion [*See* DE 11] because Petitioner had not detailed any of his attempts to obtain an attorney. Petitioner again requested counsel in June 2025. The court denied Petitioner's motion without prejudice and directed Petitioner to wait to request counsel again until after he had filed his traverse. [DE 18].

Petitioner filed his Traverse [DE 19] a day before this court ordered it due. The Traverse is logical and well-detailed. The filing is appropriately organized into different subsections, such as "Statement of the Facts" and "Summary of Argument."

### *Discussion*

Civil litigants do not have a right, either constitutional or statutory, to court-appointed counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997); *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). Rather, district

courts are empowered to recruit an attorney to represent a plaintiff without charge when he is "unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Seventh Circuit has instructed that several factors should be weighed by the court when determining whether recruitment of counsel is warranted: (1) whether the plaintiff has made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and (2) given the difficulty of the case, whether the plaintiff appears competent to litigate it himself. *Pruitt*, 503 F.3d at 654.

In other words, the second portion of this inquiry is "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury himself." *Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) (quoting *Pruitt*, 503 F.3d at 655). Factors to be considered include "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Pruitt*, 503 F.3d at 655. In conducting this inquiry, the court must determine "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* (emphasis omitted).

Here, the plaintiff has not satisfied the threshold requirements relating to his request for counsel. First, he only provided the court with two letters seeking counsel. Petitioner documented only two letters to law firms that declined any assistance. Second, Petitioner's filings are timely, well-reasoned, and organized. Because the Traverse includes mental health records and the filing from the social worker [DE 19-1], Petitioner already has evidence and records needed to support his claim in this case. Additionally, the post-conviction state court record was filed in this case under Docket Entry 16.

The Supreme Court has repeatedly declined to extend the right to counsel beyond the first appeal of a criminal conviction. *Ross v. Moffitt*, 417 U.S. 600 (1974); *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Coleman v. Thompson*, 501 U.S. 722, 756 (1991). The Court has also held "that there is no right to counsel in state collateral proceedings after exhaustion of direct appellate review." *Coleman*, 501 U.S., at 756 (citing *Finley*, 481 U.S., at 556 (citing *Ross*, 417 U.S., at 616)).

### *Conclusion*

Accordingly, this court **DENIES** Petitioner's Motion [DE 21].


ENTERED this 30th day of June, 2026.

/s/ Andrew P. Rodovich
United States Magistrate Judge